JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Gerald P. Braseman, appeals from the trial court's denial of his motion to suppress evidence. Braseman argues that the pat-down search of his person that occurred and produced the fruits of the crime at bar was conducted in a manner contrary to his constitutional rights. After reviewing the arguments of the parties, and for the reasons set forth below, we affirm the ruling of the lower court denying appellant's motion and uphold the underlying conviction.
 {¶ 2} On February 7, 2004, Braseman was charged with possession of drug paraphernalia, in violation of Lakewood City Ordinance 513.04, a misdemeanor of the fourth degree. On that date, he was working at a store called Cannabis Connection on Madison Avenue in Lakewood. On that afternoon, disputed events transpired, the resolution of which are not pertinent to the case at bar, resulting in money being stolen from the store's cash register. According to Braseman, he stepped away from the register for a moment, forgetting to close out the register, and an unidentified person took the cash and left while Braseman was preoccupied away from the area. This alleged offense caused Braseman to come in contact with Lakewood police officers, from which the pertinent circumstances surrounding this matter on appeal arose.
 {¶ 3} Pursuant to the alleged theft reported by Braseman, Lakewood Police officers were sent to the Cannabis Connection store. Three Lakewood police officers were involved with the investigation, including Officer Rusnak and Investigator Moher. During the course of their investigation, Braseman's story became suspicious to the officers, particularly Investigator Moher. According to testimonial evidence presented at the suppression hearing, Braseman could not give a good description of the assailant and was acting very nervous. Investigator Moher began to question Braseman due to his demeanor and strange account of what happened. During the course of this questioning, Investigator Moher received consent to conduct a "pat-down" search of Braseman and discovered a marijuana drug pipe in his pocket. Braseman was then charged with possession of drug paraphernalia.
 {¶ 4} On March 25, 2004, while awaiting trial on the paraphernalia charge, Braseman filed a motion to suppress evidence, and on June 7, 2004, the trial court conducted a hearing on this motion. After considering the evidence presented, the trial court overruled Braseman's motion to suppress. Subsequently, on July 8, 2004, Braseman withdrew his former plea of not guilty and entered a plea of no contest. On July 15, 2004, Braseman was sentenced to two years probation, a $125 fine, 30 days in jail with 26 days suspended, and a six-month driver's license suspension.
 {¶ 5} Braseman now appeals the underlying conviction asserting one assignment of error for this court's review, which states:
 {¶ 6} "The trial court's denial of the appellant's motion to suppress was against the manifest weight of the evidence."
 {¶ 7} The appellant here challenges the trial court's ruling on his motion to suppress contending that it was against the manifest weight of the evidence. State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 8} "There being sufficient evidence * * *, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury [or fact finder] clearly lost its way and created such a manifest miscarriage of justice * * *."
 {¶ 9} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact.
 {¶ 10} In addition, the appellant here is challenging solely the trial court's ruling on a motion to suppress evidence. In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357;State v. McCulley (April 28, 1994), Cuyahoga App. No. 64470. The trial court assumes the role of trier of fact in a suppression hearing and is therefore in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein (1991), 73 Ohio App.3d 486. Appellate courts should give great deference to the judgment of the trier of fact. State v. George (1989), 45 Ohio St.3d 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein, supra.
 {¶ 11} This court finds that the trial court's determination here to overrule appellant's motion to suppress was supported by competent and credible evidence and cannot be deemed to be a "manifest miscarriage of justice."
 {¶ 12} The underlying issue in the case at bar revolves around the legality of the "pat-down" search conducted by Investigator Moher. This search lead to the discovery of the illegal paraphernalia — the marijuana pipe. The Fourth Amendment to the United States Constitution provides in part: "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Both the Fourth Amendment to the United States Constitution and Section 14, Article One of the Ohio Constitution require the police to obtain a warrant based upon probable cause before they conduct a search; however, the warrant requirement is subject to a number of well-established exceptions. Coolidge v. New Hampshire (1971),403 U.S. 443, 91 S.Ct. 2022. One of those well-established exceptions, and the one that is relevant here, is where there is consent.
 {¶ 13} The dispute here is whether or not consent was ever given to Investigator Moher by the appellant. After hearing all the testimony and evidence, and observing the witnesses as they testified, the trial court ultimately determined that proper consent had been given.
 {¶ 14} In its findings, the trial court specifically stated: "* * * in light of the evidence that there was consent for a pat-down and that the original purpose of the pat-down was for the money, not any other objects. The pipe was found incidental to that pat down. The motion to suppress will be overruled."
 {¶ 15} That finding was supported by competent, credible evidence. The evidence presented to the trial court clearly demonstrated that both parties agreed that Braseman was fully cooperating with the police officers during the course of their investigation. This cooperation undisputedly continued as Investigator Moher asked Braseman to empty out his pockets to demonstrate that he did not actually have the stolen money on his person.
 {¶ 16} The dispute only occurs at the point where Investigator Moher "pats down" appellant and discovers the pipe. Three people testified at the suppression hearing to their account of what transpired. Investigator Moher testified that appellant clearly gave him consent to search him, stating, "I asked him if I could search him and he said, `yes, go ahead'." This contention is supported by the evidence that Braseman was cooperative. The evidence demonstrates that Braseman was working with the police in this investigation, so it would stand to reason that Braseman would continue to cooperate with Investigator Moher's request to search his person.
 {¶ 17} On the other hand, appellant denies he ever gave consent. Also, Officer Rusnak's testimony, which evidenced the fact that the officer was busy with his portion of the investigation when the pertinent exchange between Investigator Moher and Braseman occurred, is vague at best. After hearing all the evidence, it was then up to the court as trier of fact to determine if there was consent. After weighing the evidence and credibility of the witnesses, the court found that there was consent.
 {¶ 18} This court finds that the trial court dutifully fulfilled its role as fact finder and further finds no error in its ruling. Therefore we find no merit to appellant's only assignment of error. The lower court's decision to overrule appellant's motion to suppress evidence was supported by competent, credible evidence and thus proper.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., Concurs; McMonagle, J., Concurs in judgment only.